IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL PATRICK CALLAWAY,  3:15-CV-02082-BR

       Plaintiff,  OPINION AND ORDER

v.

NANCY A. BERRYHILL,[1]
Acting Commissioner, Social
Security Administration,

       Defendant.


MICHAEL PATRICK CALLAWAY
2040 S.W. 209th Ct.
Aloha, OR 97003
(503) 473-6424

       Plaintiff, *Pro Se*

---

[1] On January 23, 2017, Nancy A. Berryhill was appointed Acting Commissioner of the Social Security Administration and pursuant to Federal Rule of Civil Procedure 25(d) is substituted as Plaintiff in this action.

1 - OPINION AND ORDER

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**HEATHER L. GRIFFITH**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/A 221A
Seattle, WA 98104
(206) 615-2531

        Attorneys for Defendant

**BROWN, Judge.**

   Plaintiff Michael Patrick Callaway seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

   For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

   Plaintiff filed his applications for DIB and SSI on

2 - OPINION AND ORDER

November 1, 2010. Tr. 191, 198.[2] Plaintiff alleged a disability onset date of June 1, 2009. His applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on August 23, 2012. Tr. 33-80. At the hearing Plaintiff was represented by an attorney. Plaintiff, a lay witness, and a vocational expert (VE) testified at the hearing.

The ALJ issued a decision on September 21, 2012, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 36-51. Pursuant to 20 C.F.R. § 404.984(d) that decision became the final decision of the Commissioner on September 3, 2015, when the Appeals Council denied Plaintiff's request for review. Tr. 3-6. See Sims v. Apfel, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on July 3, 1985, and was 27 years old at the time of the hearing. Tr. 191. Plaintiff has an Associates Degree and, at the time of the hearing, was taking classes towards a Masters Degree in architecture. Tr. 38-41. Plaintiff has past relevant work experience as a construction worker, janitor, and landscape crew member. Tr. 240, 258. Plaintiff

---

[2] Citations to the official transcript of record filed by the Commissioner on September 9, 2016, are referred to as "Tr."

3 - OPINION AND ORDER

alleges disability due to fibromyalgia, neuropathy, arthritis, migraines, herniated discs, muscle spasms, "trigger finger," and carpal-tunnel syndrome. Tr. 234.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 19-21, 23-25.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42

U.S.C. § 405(g).  See also *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a

regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). See also Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). See also Keyser, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). See also Keyser, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. Lockwood v. Comm'r Soc. Sec. Admin., 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1),

7 - OPINION AND ORDER

416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since his June 1, 2009, alleged onset date.  Tr. 19.

At Step Two the ALJ found Plaintiff has the severe impairments of fibromylagia and "right carpal tunnel syndrome, status post release surgery."  Tr. 19.  The ALJ found Plaintiff's impairments of Raynaud's Syndrome, irritable-bowel syndrome, and "minimal degenerative changes in the cervical spine with history of cervical strain" are nonsevere.  Tr. 20.  The ALJ found Plaintiff's alleged attention-deficit disorder and/or attention-deficit hyperactivity disorder is not a medically determinable impairment.  Tr. 21.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 21.  The ALJ found Plaintiff has the RFC to perform light work "except that [he] should avoid concentrated exposure to extremes of cold."  Tr. 21.

At Step Four the ALJ concluded Plaintiff could not perform his past relevant work.  Tr. 26.

At Step Five the ALJ concluded Plaintiff could perform jobs

8 - OPINION AND ORDER

that exist in significant numbers in the national economy. Tr. 26. Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends (1) the materials he filed with his opening Brief provide a basis for remand for further administrative proceedings; (2) the ALJ erred at Step Three when he noted there is not any medical listing for fibromyalgia; (3) the ALJ did not sufficiently consider Plaintiff's fibromyalgia when he assessed Plaintiff's RFC; and (4) the ALJ erred when he gave "little weight" to the opinion of treating physician, Burton Silverman, M.D.

### I. The materials Plaintiff filed with his opening Brief do not provide a basis for remand.

On November 10, 2016, Plaintiff filed his opening Brief and attached several records, all of which were included in the administrative record before the Appeals Council except Exhibit 1E (emails between Plaintiff and various professors reflecting Plaintiff's class attendance). Plaintiff asserts this evidence is sufficient to require remand of this matter to the ALJ for further consideration.

Sentences four and six of 42 U.S.C. § 405(g) set out "the exclusive methods by which district courts may remand to the [Commissioner]" for further evaluation. *Shalala v. Schaefer*, 509 U.S. 292, 296 (2002). Sentence six of § 405(g) permits a

9 - OPINION AND ORDER

district court to remand for the Commissioner to consider additional evidence submitted for the first time to the district court. The district court should remand pursuant to sentence six only when the evidence is new and material and there is good cause for the claimant's failure to incorporate the evidence into the record at a prior proceeding. 42 U.S.C. § 405(g)(sentence six). "To be material under [sentence six of] § 405(g), the new evidence must bear directly and substantially on the matter in dispute . . . [and] demonstrate that there is a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing." *Mayes*, 276 F.3d at 462.

As noted, the only new documents Plaintiff submitted with his Brief are emails from various professors relating to Plaintiff's class absences. Only one document relates to the relevant period; that is, an email from the professor of Plaintiff's Visual Communication class that Plaintiff took during the Winter 2012 term in which the professor states Plaintiff was late to class once and was absent once. Pl.'s Brief, Ex. 1E at 12. The remainder of Exhibit 1E relates to classes that Plaintiff took after the date of the ALJ's decision. Exhibit 1E indicates Plaintiff was able to attend his classes successfully. For example, the emails reflect Plaintiff missed three out of 21 class sessions of Geology 341 in Spring Term 2015, Plaintiff completed every quiz and assignment except one in General

Chemistry I in Winter 2013, and Plaintiff was absent once and completed all of his assigned work in Wisdom of the Elders in Fall 2013.  Exhibit 1E also indicates Plaintiff graduated from the Masters Degree in the architecture program in Fall 2015.

The Court concludes on this record that the evidence Plaintiff submitted to this Court for the first time is not material because it neither "bear[s] directly and substantially" on the relevant period nor demonstrates a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing.

Accordingly, the Court concludes the new material does not provide any basis to remand this matter to the Commissioner.

## II.  The ALJ did not err at Step Three when he noted there is not any medical listing for fibromyalgia.

Plaintiff alleges the ALJ erred when he noted at Step Three that there is not a medical listing for fibromylagia.  Plaintiff, however, does not point to any regulation, case, or authority that establishes there is a medical listing for fibromyalgia.  The Ninth Circuit, in fact, has specifically stated "[a]n alleged case of fibromyalgia cannot meet the listing for fibromyalgia because fibromyalgia is not a listed disability." *Britton v. Colvin*, 787 F.3d 1011, 1012 (9th Cir. 2012)(citing SSR 12-2p, at *2).  The Court, therefore, concludes the ALJ did not err at Step Three when he noted there is not any medical listing for fibromyalgia.

11- OPINION AND ORDER

### III. The ALJ reasonably considered Plaintiff's fibromyalgia when he assessed Plaintiff's RFC.

As noted, the ALJ found at Step Two that Plaintiff has the severe impairment of fibromyalgia.  At Step Three the ALJ considered Plaintiff's symptoms related to fibromyalgia set out in the record and concluded Plaintiff has the RFC to perform light work.  Specifically, the ALJ noted Plaintiff's medical providers reported after several physical examinations that Plaintiff showed tenderness to palpitation but did not have any neurological findings.  Tr. 409, 501, 510-11, 524, 526, 533.  The ALJ also noted reports from April 2012 that indicated Plaintiff works out at a gym twice a week.  Plaintiff also reported doing homework, performing household chores, playing frisbee golf, going shopping, preparing meals, visiting friends, and going to church.  The ALJ noted Plaintiff regularly attended classes to obtain his Masters Degree without any accommodation other than an ergonomic chair.

On this record the Court concludes the ALJ did not err in his consideration and evaluation of the limiting effects of Plaintiff's fibromyalgia when he assessed Plaintiff's RFC.

### IV. The ALJ did not err when he gave "little weight" to Dr. Silverman's opinion.

Plaintiff alleges the ALJ erred when he gave "little weight" to the August 2012 opinion of Dr. Silverman, treating physician.

An ALJ may reject an examining or treating physician's

opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1996).

On August 6, 2012, Dr. Silverman completed a letter in which he noted he has been Plaintiff's primary-care provider since August 2005. Dr. Silverman opined Plaintiff's

> chronic pain makes him markedly limited in his ability to concentrate and maintain a fully time work effort. While he might be able to work on a part-time basis, he would be severely limited. If he were in a full-time work position . . . he would miss more than two days per week . . . due to chronic pain and/or the effects of medication he takes for the pain.

Tr. 575-76.

The ALJ noted Dr. Silverman's opinion was not supported by his treatment notes. For example, the treatment notes reflect Plaintiff had normal strength, gait, and stance. Tr. 340, 342, 351, 501, 511, 524, 530, 533, 543. The ALJ also pointed out that the treatment notes did not reflect any mental-status finding that supported Dr. Silverman's opinion that Plaintiff was

13- OPINION AND ORDER

markedly limited in his ability to concentrate, and Dr. Silverman conducted only minimal mental-status examinations. Tr. 343, 351, 356.

The ALJ also discounted Dr. Silverman's opinion because it was not supported by Plaintiff's self-reports. For example, Plaintiff reported he did not have any limitation in his ability to concentrate, to pay attention, to follow instructions, and to finish what he started. Tr. 255. As noted, the record reflects Plaintiff took classes for and completed his Masters Degree.

On this record the Court concludes the ALJ did not err when he gave little weight to Dr. Silverman's opinion because he provided clear and convincing reasons based on substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 10th day of March, 2017.

                                   _____
                                   ANNA J. BROWN
                                   United States District Judge

14- OPINION AND ORDER